IN THE MATTER OF THE ARBITRATION BETWEEN FILIPPO DI CARLO AND WILLIAMSBURGH CITY FIRE INSURANCE COMPANY OF NEW YORK AND OTHERS.

*Jurisdiction, when acquired by motion — when an action must be brought.*

A court acquires jurisdiction by motion only where it is expressly provided by statute that it may do so, otherwise the jurisdiction must be acquired by the bringing of an action.

An injustice in an award upon an arbitration, entered into under the provisions of a policy of insurance, and not made in conformity with the provisions of the Code of Civil Procedure, must be remedied by action, and not by motion.

APPEAL by Filippo Di Carlo from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of October, 1890, denying the motion of Filippo Di Carlo to vacate an award of appraisers, under an arbitration made pursuant to the provisions of policies of insurance issued by certain insurance companies, under which a loss was claimed to have resulted from a fire in the insured premises.

*R. W. Todd,* for the appellant.

*O. E. Bright,* for the respondents.

Van Brunt, P. J. :

We do not see how the court can acquire jurisdiction to set aside this award upon motion. It is not the result of an arbitration under the Code, and, therefore, the provisions of the Code were not applicable to it. And it is only where it is expressly provided by statute that the court may acquire jurisdiction by motion that it can acquire jurisdiction otherwise than by action.

This arbitration not being a statutory arbitration which could possibly result in a judgment as already suggested, the provisions of the Code as to motions in respect to the award, do not apply. And if any injustice has been suffered upon the part of the moving party, such injustice must be redressed by action. This objection, however, it does not appear was taken in the court below, and, therefore, we think that the order appealed from should be reversed, without costs, and the motion dismissed.

Brady and Daniels, JJ., concurred.

Order reversed, without costs, and the motion dismissed.